**JESSICA T. FEHR**
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 1478
Billings, MT 59103
2929 3rd Avenue North, Ste. 400
Billings, MT 59101
Phone: (406) 247-4637
FAX: (406) 657-6989
E-Mail: jessica.fehr@usdoj.gov

FILED
BILLINGS DIV.

2009 AUG 12 PM 4 13

PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR 09-29-BLG-RFC |
|---|---|
| Plaintiff, | **PLEA AGREEMENT** |
| vs. | |
| MITCHAEL MORGAN, | |
| Defendant. | |

1          JTF   MM   VEW   Date

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, by Jessica T. Fehr, Assistant United States Attorney for the District of Montana, and the defendant, Mitchael Morgan, and his attorney, Vernon E. Woodward, have agreed upon the following:

1.  The defendant acknowledges that he has been charged in the indictment in this case with a violation of 18 U.S.C. § 287.

2.  The defendant has read the charge against him contained in the indictment and that charge has been fully explained to him by his attorney.

3.  The defendant fully understands the nature and elements of the crime with which he has been charged.

4.  The defendant will enter a voluntary plea of guilty to the indictment in this case.

5.  *Nature of the Agreement*: The parties agree that this plea agreement shall be filed and become a part of the record in this case, and will be governed by Rule 11(c)(1)(B), *Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement will be

fulfilled provided the government makes the recommendations contained in ¶11 of this pleading. The defendant understands that even if the Court does not accept or follow the recommendations made by the United States, he will not have an automatic right to withdraw his plea. Rule 11(c)(3)(B), *Federal Rules of Criminal Procedure.*

*Effect of Withdrawal from the Agreement:* The parties stipulate and agree that if the defendant moves to withdraw his guilty plea, entered pursuant to and receiving the benefits of this agreement, and if he successfully withdraws his plea either in the district court or on appeal, that this agreement will become null and void.

Moreover, if the defendant at any time after judgment is entered obtains dismissal, reversal or remand of the count or counts of conviction for any reason, the United States will be permitted, by agreement of the parties, to restore all original charges either dismissed or not filed pursuant to this plea agreement. The defendant, in that circumstance, expressly waives any claim of double jeopardy or right to have this agreement enforced. In such event, the defendant waives any objections, motions, or defenses based upon the Statute of

3     JTF   MM   VEW   Date  8/12/09

Limitations, the Speedy Trial Act, or any other potential restriction on the re-institution of counts dismissed, or institution of counts surrendered, as part of the consideration given by the prosecution in this agreement.

6. *Admission of Guilt:* The defendant will plead guilty because he is in fact guilty of the charge contained in the indictment. In pleading guilty, the defendant acknowledges that on or about September 13, 2005, and continuing thereafter until in or about October 2005, at Billings, in the State and District of Montana, the defendant, MITCHAEL MORGAN, made or presented a claim to an Agency and Department of the United States, that being the Federal Emergency Management Agency (FEMA), knowing that his claim was false, fictitious or fraudulent, in that, the defendant, MITCHAEL MORGAN, falsely represented he was entitled to FEMA funds as a result of Hurricane Katrina, and the destruction caused by the storm in New Orleans, Louisiana, in violation of 18 U.S.C. § 287.

7. *Maximum Punishment Provided by Law:* The defendant understands the charge to which he will plead guilty carries a

4

JTF    MM    VEW    8/12/09
JTF    MM    VEW    Date

maximum penalty of 5 years imprisonment and a $250,000 fine. Further, the defendant acknowledges that the crime to which he is entering a plea is a Class D felony [5 - 10 years] 18 U.S.C. § 3559(a)(4) which provides for a maximum term of supervised release of three years.  18 U.S.C. § 3583(b)(2).

The defendant also understands that restitution to the victim of this crime is mandatory.  18 U.S.C. § 3663A(c)(1).

8.   *Elements of the Charge:*  The defendant has been advised of the nature of the charge made against him and the elements of the crime to which he is entering a guilty plea.  The defendant understands that if the case were to go to trial the government would be required to prove each and every element of the crime.  He further acknowledges that these are the elements of the crime charged in the indictment:

### FALSE CLAIMS

First, the defendant made or presented a claim to or upon the United States;

Second, the claim was made or presented to a department or agency of the United States; and

Third, knowing such claim to be false, fictitious or fraudulent.

5


JTF   MM   VEW   Date

The defendant understands that by entering a guilty plea, the government will not be required to present proof of his guilt and the elements recited herein because there will be no trial if the Court accepts his plea of guilty and the plea agreement of the parties.

9. *Recitation of Rights:*

(a) During the entry of any plea pursuant to this plea agreement, the government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement that the defendant gives during any such plea colloquy.

(b) If the defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury.

(c) The defendant has the right to be represented by counsel, and if necessary, have the court appoint counsel, at trial and at every other stage of these proceedings.

(d) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and his attorney

6

JTF  MM  VEW  8/12/09

would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict him unless after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

  (e) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

  (f) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on his own behalf. If the witnesses for the

7  JTF MM VEW 8/12/09 Date

defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

    (g)    At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If the defendant desired to do so, he could testify on his own behalf.

    (h)    If convicted, and within 10 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal his conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made which would entitle him to reversal of the conviction.

    (i)    The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, *Federal Rules of Criminal Procedure*. By his execution of this agreement, the defendant expressly waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge.

    10.    *Waiver of Rights by Plea:* The defendant understands that

8


JTF   MM   VEW   Date

by pleading guilty pursuant to this agreement, he is waiving all the rights set forth in the prior paragraph. The defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

11.  *Recommendations:*

The United States will recommend that the defendant be given a two point credit for acceptance of responsibility, unless the defendant is found to have obstructed justice prior to sentencing. U.S.S.G. § 3C1.1.

**The United States reserves the right to object to or comment upon the applicability, or inapplicability, of any adjustment or enhancement to be used in the advisory sentencing guideline calculation. The United States further reserves the right to object to a sentence outside the advisory guideline range determined by the Court. The United States will object to making any term of incarceration imposed in this case concurrent to any other sentence the defendant may be serving.**

**Both parties acknowledge that the Court is not bound by**

9   JTF   MM   VEW   8/12/09
               Date

the recommendations of either party, and may sentence the defendant to a sentence anywhere within the advisory Guideline range or may impose any reasonable sentence outside that guideline range.

Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

12. *Effect of Early Decision:* If the defendant otherwise qualifies for a two level adjustment for acceptance of responsibility, and his offense level is 16 or greater, and if the defendant files this agreement or a Motion for Change of Plea Hearing at least 14 days prior to the date now set for trial, the United States will move the Court at the time of sentencing to award the defendant an additional point for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b).

13. *Non-Prosecution or Dismissal:* Upon acceptance of this agreement by the Court, the United States Attorney for Montana shall bring no further action against Mitchael Morgan based upon the facts

alleged in this indictment. Both parties acknowledge that the prosecution has no authority to bind the U.S. Probation Office or the Court with respect to guideline enhancements or adjustments they deem appropriate.

14. *Voluntary Plea:* The defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this agreement to induce the defendant to plead guilty.

15. *Special Assessment / Financial Obligations:* The defendant recognizes that he will be responsible for a mandatory assessment of $100 on each count pursuant to 18 U.S.C. § 3013 of the Comprehensive Criminal Control Act. The defendant understands and agrees that pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately, and subject to immediate enforcement by the United States. Furthermore, the defendant agrees to provide all of his financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination. If the Court imposes a


JTF   MM   VEW   Date

schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

16. *Detention/Release After Plea:*

The United States agrees that it will not move for detention but will defer to the discretion of the court the decision as to whether the defendant meets the conditions of 18 U.S.C. § 3143(a)(1) or (2), and whether the defendant has clearly shown exceptional reasons why detention is not appropriate. 18 U.S.C. § 3145(c). The United States is obligated to advise the Court of the appropriate legal standards that relate to the defendant's eligibility for post-conviction release. The defendant acknowledges that obligation and understands that advising the Court as to the law and facts is not an abrogation of its agreement not to request remand.

12   JTF   MM   VEW   Date   8/12/09

17. *Entire Agreement:* Any statements or representations made by the United States, the defendant, or his counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. **This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.**

WILLIAM W. MERCER
United States Attorney

*/s/ Jessica T. Fehr*
JESSICA T. FEHR
Assistant U. S. Attorney

*/s/ Mitchael Morgan*
MITCHAEL MORGAN
Defendant

*/s/ Vernon E. Woodward*
VERNON E. WOODWARD
Defense Counsel